**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LEROY JACOBS, individually, and on behalf    :
of all others similarly situated,    :
   :
                  Plaintiffs,    :     Case No. 1:21-cv-00866
    v.    :
   :
HANWHA TECHWIN AMERICA, INC.,    :
   :
                  Defendant.    :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## DEFENDANT'S NOTICE OF REMOVAL

Defendant Hanwha Techwin America, Inc. ("HTA"), through its undersigned counsel, hereby files this Notice of Removal to remove this action from the Circuit Court for Cook County, Illinois, Chancery Division to the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453. As grounds for removal, HTA states as follows:

1.      On January 28, 2021, Plaintiff Leroy Jacobs filed the Class Action Complaint attached as Exhibit A in the Circuit Court for Cook County, Illinois, County Department, Chancery Division. Based on the affidavits of service filed with the state court, the Complaint and associated summons were purportedly served upon HTA on or about February 4, 2021.

2.      28 U.S.C. § 1446 states, *inter alia*, that "defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal . . . containing a short and plain statement of the grounds for removal" and that "[t]he notice of removal of a civil action shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of

the initial pleading setting forth the claim for relief upon which such action or proceeding is based." This Notice of Removal is filed within thirty days of receipt of the complaint and summons.

3.      28 U.S.C. § 1441 states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

4.      This Court has original jurisdiction in this case under 28 U.S.C. §§ 1332(a) and 1332(d). Therefore, removal to this Court is proper.

**THIS COURT HAS ORIGINAL JURISDICTION UNDER 28 U.S.C. § 1332(d)**

5.      28 U.S.C. §1332(d)(2) states: "The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which – (A) any member of a class of plaintiffs is a citizen of a State different from any defendant; (B) any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or (C) any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state."

6.      First, this action is a "class action" for purposes of 28 U.S.C. § 1332(d)(2). For the purposes of § 1332, "class action" is defined as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by one or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). The Complaint seeks relief on behalf of a class under 735 Ill. Comp. Stat. 5/2-801 (*see* Exhibit A ¶¶ 15, 23-31), and that statute by its terms authorizes class actions. *See Marshall*

*v. H&R Block Tax Servs., Inc.*, 564 F.3d 826, 829 (7th Cir. 2009) ("[T]he Illinois statute that authorizes class actions in Illinois, 735 ILCS 5/2-801 et seq., is similar to Rule 23 [of the Federal Rules of Civil Procedure].").

7.     Second, there are alleged to be at least one hundred members of the proposed class, which meets the requirements of 28 U.S.C. § 1332(d)(5)(B) ("Paragraphs (2) through (4) shall not apply to any class action in which-- . . . (B) the number of members of all proposed plaintiff classes in the aggregate is less than 100."). Plaintiff seeks to represent a class that "would consist of all other similarly situated individuals pursuant to BIPA, 740 ILCS §14/1, et seq., to recover statutory penalties, prejudgment interest, attorneys' fees and costs, and other damages owed for the violations described herein." Exhibit A ¶ 49.[1]  Plaintiff claims that "[t]here are at least many thousands of putative Class members. The exact number of Class members can be determined from defendant's records." Exhibit A ¶ 53.

8.     Third, there is minimal diversity between the members of the proposed Class and HTA:

   a.   HTA is incorporated in New Jersey and maintains its principal place of business in New Jersey. *See* Exhibit A ¶ 12. Accordingly, it is a citizen of New Jersey.  *See* 28 U.S.C. § 1332(c)(1).

   b.   Plaintiff Leroy Jacobs is a citizen of Illinois.  *See* Exhibit A ¶ 11.

---

[1] HTA does not concede that a class may be properly certified in this action, or that any of the requirements of Rule 23 have been met or proven (including Rule 23(a)'s numerosity requirement). Rather, HTA offers these numbers solely to place certain facts before the Court that are relevant to evaluating whether the number of members of Plaintiff's putative class "is less than 100." 28 U.S.C. § 1332(d)(5)(B).

    c.    Consequently, a member of the proposed Class is a citizen of a State (Illinois) different from that of Defendant (New Jersey), and minimal diversity exists. *See* 28 U.S.C. § 1332(d)(2)(A).

9.    Fourth, the matter in controversy -- aggregated from all putative class members (*see* 28 U.S.C. § 1332(d)(6)) -- exceeds $5 million. While the Complaint does not set forth a specific sum of damages sought against Defendant, it is apparent that the amount in controversy is in excess of $5 million, exclusive of interest and costs. Plaintiff claims that "[t]here are at least **many thousands** of putative Class members. The exact number of Class members can be determined from defendant's records." Exhibit A ¶ 53 (emphasis added). Plaintiff also claims that "[o]n behalf of himself and the putative Class, Plaintiff seeks....(3) statutory damages of **$5,000** for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS § 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS § 14/20(l); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS § 14/20(3)." Exhibit A ¶ 68 (emphasis added). Since 1,000 x $5,000 = $5,000,000, the aggregate claims of "many thousands" of putative class members must exceed $5,000,000. Accordingly, the matter in controversy exceeds $5 million.

10.    Fifth, none of the discretionary exceptions to this Court's exercise of jurisdiction enumerated in 28 U.S.C. § 1332(d) apply to this action. *Compare, e.g.*, *Hart v. FedEx Ground Package Sys.*, 457 F.3d 675, 681-82 (7th Cir. 2006) (In case where complaint alleged that two-thirds of the proposed class were citizens of forum state, affirming district court's order denying plaintiff's motion to remand based on exception for situations where defendants and two-thirds of the proposed class were citizens of forum state, because plaintiff had failed to prove that the exception applied).

11.     Accordingly, this Court has original jurisdiction under 28 U.S.C. §1332(d) and removal is proper.

**THIS COURT HAS ORIGINAL JURISDICTION UNDER 28 U.S.C. § 1332(a)**

12.     Alternatively, this Court has original jurisdiction under 28 U.S.C. §1332(a).

13.     28 U.S.C. §1332(a) provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States…"

14.     While the Complaint does not set forth a specific sum of damages sought against Defendant, it is apparent that the amount in controversy is in excess of $75,000, exclusive of interest and costs. Among other things, Plaintiff claims that "[o]n behalf of himself and the putative Class, Plaintiff seeks….(3) statutory damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS § 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS § 14/20(l); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS § 14/20(3). Exhibit A ¶ 68.  When taking the "reasonable attorneys' fees" sought into account, the amount in controversy exceeds $75,000 for the named Plaintiff. *See Gardynski-Leschuck v. Ford Motor Co.*, 142 F.3d 955, 958 (7th Cir. 1998) ("Legal fees may count toward the amount in controversy when the prevailing party is entitled to recover them as part of damages.); 740 ILCS 14/20 (listing "reasonable attorney's fees" as recoverable).

15. There is complete diversity between the members of the proposed Class and HTA:

a.  HTA is incorporated in New Jersey and maintains its principal place of business in New Jersey. *See* Exhibit A ¶ 12. Accordingly, it is a citizen of New Jersey. *See* 28 U.S.C. § 1332(c)(1).

b.  The putative Class members are defined to be citizens of Illinois and thus complete diversity exists between them and New Jersey-based HTA. Specifically, Plaintiff seeks certification of the following Class:

> All individuals in the State of Illinois who had their facial geometry scans, biometric identifiers, and/or biometric information collected, captured, received, or otherwise obtained, maintained, stored, disclosed, or disseminated by Defendant during the applicable statutory period.

*See* Exhibit A ¶ 50.

c.  Consequently, there is complete diversity of citizenship.

16.     Therefore, this Court has original jurisdiction under 28 U.S.C. § 1332(a) and removal is proper.

## THIS COURT IS THE PROPER VENUE

17.     Finally, this Court is the proper venue. Title 28 U.S.C. § 1441(a) states that a civil action "may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." The United States District Court for the Northern District of Illinois, Eastern Division, is the "district and division embracing" Cook County. *See* 28 U.S.C. § 93(a)(1). Therefore, venue properly lies in this Court.


Dated: February 16, 2021                          Respectfully submitted,

/s/ Nicholas S. Lee
Nicholas S. Lee (nlee@bdl-iplaw.com)
BISHOP DIEHL & LEE, LTD.
1475 E. Woodfield Rd. Suite 800
Schaumburg, IL 60173

Phone: 847-969-9123
Fax: 847-969-9124

*Counsel for Defendant*
*Hanwha Techwin America, Inc.*

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on February 16, 2021, he caused a true and correct copy of the foregoing Defendants' Notice of Removal to be served by electronic and first-class mail on counsel as follows:

Ryan F. Stephan (rstephan@stephanzouras.com)
Haley R. Jenkins (hjenkins@stephanzouras.com)
Stephan Zouras, LLP
100 N. Riverside Plaza, Suite 2150
Chicago, Illinois 60606

Dated: February 16, 2021                          /s/ Nicholas S. Lee
                                                  Nicholas S. Lee